UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TRUSTEES OF THE NORTH ATLANTIC
STATES CARPENTERS HEALTH, PENSION
ANNUITY, APPRENTICESHIP, and LABOR
MANAGEMENT COOPERATION FUNDS,

          Petitioner,

  v.

WESTERN CONTRACTORS, LLC,

          Respondent.

------------------------------------------------------------X

**REPORT & RECOMMENDATION**

22-CV-05456 (GRB) (LGD)

**LEE G. DUNST**, Magistrate Judge:

Presently before the Court are Petitioners' unopposed Motion to Compel at Electronic Case File Number ("ECF No.") 9, and the unopposed Petition to Confirm the Arbitration Award at ECF No 1. The Motion to Compel and the Petition to Confirm the Arbitration Award were referred to the undersigned by District Judge Gary R. Brown on October 14, 2022. The undersigned respectfully recommends that Judge Brown grant the motions.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On September 13, 2022, Petitioners (the "Funds") commenced this action to confirm and enforce an arbitration award against Respondent Western Contractors, LLC. ECF No. 1.

**A.      Background**

As set for in the Petition to Confirm the Arbitration Award (the "Petition"), "Petitioners Trustees of the North Atlantic States Carpenters Health, Pension, Annuity and Apprenticeship Funds (the 'ERISA Funds') are employer and employee trustees of the multiemployer labor-management trust funds organized and operated in accordance with ERISA." *Id.* ¶ 4.

"Petitioners Trustees of the North Atlantic States Carpenters Labor Management Cooperation Fund (the 'Labor Management Fund') are employer and employee trustees of a labor management cooperation committee." *Id.* ¶ 5.  Respondent Western Contractors, LLC is an employer that entered into a collective bargaining agreement ("CBA") with the North Atlantic States Regional Council of Carpenters (the "Union").  *Id.* ¶¶ 1, 7; ECF Nos. 1-1 & 1-2.

The CBA requires Respondent to make contributions and abide by the policies adopted by the Funds, including complying with the Funds' agreements, declarations of trust, plans, rules, policies, and regulations.  ECF No. 1 ¶¶ 8-9.  The Trustees of the Funds established a Joint Policy for the Collection of Delinquent Contributions ("Collection Policy").  *Id*. ¶ 10; ECF No. 1-3.  This Collection Policy requires signatory employers, like Respondent, to ensure contributions to the Fund and permits an arbitration to settle a dispute concerning an employer failing to make required contributions.  ECF No. 1 ¶¶ 14-15; ECF No. 1-3, § IV, Art. II, § 2.3 (A).

  **B.**  **Procedural History**

Pursuant to the CBA, the Funds conducted an audit of Respondent, which revealed that Respondent failed to remit contributions in the principal amount of $22,650.75.  ECF No. 1 ¶ 16.  Petitioners then initiated an arbitration before arbitrator J.J. Pierson.  *Id.* ¶ 18.  Petitioners mailed a Notice of Intent to Arbitrate to Respondent by Certified Mail.  *Id.*; ECF No. 1-4.

The arbitrator held a hearing and issued a written award on May 20, 2022.  ECF No. 1 ¶ 19; ECF No 1-5.  The award found that Respondent violated the CBA and ordered Respondent to pay the Funds the sum of $36,074.10 (consisting of the principal audit deficiency of $22,650.75, interest of $5,913.20, liquidated damages of $4,530.15, audit costs of $1,280, attorneys' fees of $900, and an arbitrator fee of $800).  ECF No. 1 ¶ 20; ECF No. 1-6.  Although

having been purportedly served with a copy of the arbitration award and a letter demanding payment, Respondent has not made payments in compliance with the award. ECF No. 1 ¶ 22.

Defendants filed the instant Petition to Confirm the Arbitration Award within one year of the issuing of the arbitration award, and they served the summons and Petition on Defendant. *Id.* ¶ 24; ECF No. 8. Respondent has not appeared, answered the Petition, or responded to any filing or court order in this action.

Petitioners then filed a letter motion to compel and a request to have the Petition be deemed an unopposed motion for summary judgment on October 14, 2022. ECF No. 9 (citing *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006); *Trs. of the Ne. Carpenters Health v. Countrywide Home Improvement*, No. 17-CV-2570 (DRH)(ARL), 2017 U.S. Dist. LEXIS 194381 (E.D.N.Y. Nov. 27, 2017) (noting that a petition to confirm an arbitration award that is supported by accompanying records should itself be treated as a motion for summary judgment)).

On October 17, 2022, Judge Brown referred the Motion to Compel and the Petition to Confirm the Arbitration Award to the undersigned for a Report and Recommendation. Oct. 17, 2022 Order; ECF Nos. 1 & 9. On October 21, 2022, the undersigned issued an Order to Show Cause as to why the Petition to Confirm the Arbitration Award should not be deemed unopposed. Petitioners served this Order on Respondent, who has not responded as of April 25, 2023. ECF No. 12.

On February 24, 2023, the undersigned requested additional underlying records and legal support from Petitioners, which they provided to the Court. Feb. 24, 2023 Order; ECF No. 13.

## II.  DISCUSSION

### A.  Arbitration Award

The Court "grants the request to deem the petition as an unopposed motion to confirm the arbitration award and treats the unanswered petition as an unopposed motion for summary judgment." *Finkel v. Mech. Elec. Corp.,* No. 21-CV-5995 (WFK) (RML), 2022 WL 17740190, at *1 (E.D.N.Y. Dec. 16, 2022) (citing *Trs. of the Ne. Carpenters Health*, 2017 U.S. Dist. LEXIS 194381, at *2 ("Inasmuch as a petition to confirm an arbitration award typically is accompanied by a record, courts treat an unanswered petition to confirm an arbitration award 'as an unopposed motion for summary judgment.'" (quoting *D.H. Blair & Co., Inc.*, 462 F.3d at 110))).

Further, "[a] district court's confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . . and the court must grant the award unless the award is vacated, modified or corrected.'" *Id.* (citing *D.H. Blair & Co., Inc.* 462 F.3d at 110 (internal quotation marks omitted)). Additionally, "[o]nly a barely colorable justification for the outcome reached by the arbitrator is necessary to confirm the award." *Trs. of the Ne. Carpenters Health*, 2017 U.S. Dist. LEXIS 194381, at *2. "Courts in this Circuit thus will only vacate an arbitration award upon a finding of one of the four statutory grounds provided in the Federal Arbitration act, or if the court finds an arbitration panel 'has acted in manifest disregard of the law.'" *Finkel,* 2022 WL 17740190, at *1. Here, after examining the Petitioners' submissions, the Court does not find any reason to vacate the award and finds more than a "barely colorable justification" for the award.

At the April 27, 2022 arbitration hearing, which Respondent did not attend, the arbitrator considered: (1) the CBA, (2) the results of an audit of Respondent from August 1, 2018, to December 31, 2019, and (3) the Collection Policy. ECF No. 1-5 ¶¶ 1-5. The arbitrator

4

determined that Respondent was delinquent on contributions to the Funds. *Id.* ¶ 6. As per the Collection Policy, the arbitrator awarded Petitioners the unpaid contributions, interest, liquidated damages, attorney's fees, auditor's fees, and arbitrator's fees for a total award of $36,074.10. *Id.* ¶¶ 11-12. The award is explicitly based on the CBA and the other materials provided by Petitioners. *Id.* Where an arbitrator's award "draws its essence from the collective bargaining agreement," the court must affirm the award "so long as the arbitrator's decision is plausibly grounded in the parties' agreement." *Wackenhut Corp. v. Amalgamated Local 515*, 126 F.3d 29, 31-32 (2d Cir. 1997); *Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Cold Shield, Inc.*, No. 19-CV-04673 (FB), 2020 WL 4207440, at *1 (E.D.N.Y. July 22, 2020) (same). Here, the award is based on the CBA and the Collection Policy, which establish liability for the relief awarded. Further, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law. *See Directors Guild of Am., Inc. v. Nat'l Broad. Co., Inc.*, No. 22 CIV. 1770 (PAE), 2022 WL 2129052, at *3 (S.D.N.Y. June 14, 2022) (internal citation omitted). Therefore, the Court recommends confirming the arbitration award of $36,074.10.

### B. Attorneys' Fees For The Instant Action

Petitioners seek to recover attorney's fees in the amount of $1,377.00 for 7.6 hours of work on the post-arbitration litigation, based on charges of $275.00 and $120.00 per hour for associate and paralegal time, respectively. ECF No. 13-2. Following the guidelines of the Collection Policy, the arbitration award designates that "attorneys' fees shall be due to the Fund from a delinquent employer at the hourly rate charged to the Fund for such services, or at the fair market hourly rate charged by attorneys in the New York Metropolitan area." ECF No. 1-5 ¶ 9. An award of attorneys' fees is proper when a party, without justification, fails to abide by an

5

arbitration award. *Local 807 Labor-Mgmt. Health & Pension Funds v. Showtime on the Piers, LLC*, No. 18-CV-3642, 2019 WL 440641, at *4 (E.D.N.Y. Jan. 14, 2019) (quoting *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)) (citations omitted), *report and recommendation adopted*, 2019 WL 438476 (E.D.N.Y. Feb. 4, 2019). "To that end, courts in the Second Circuit have held that a '[f]ailure to appear at arbitration or the confirmation hearing may result in a grant of attorneys' fees on equitable grounds.'" *Trs. of Empire State Carpenters Annuity v. Baroco Contracting Corp.*, No. 15-CV-5690, 2016 WL 2893239, at *4 (E.D.N.Y. Apr. 19, 2016) (quoting *N.Y. City Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co., Inc.*, No. 07-CV-2583, 2007 WL 3407065, at *2 (S.D.N.Y. Nov. 14, 2007)), *report and recommendation adopted*, 2016 WL 2889007 (E.D.N.Y. May 17, 2016).

Petitioners have submitted contemporaneous time records recording work performed, dates, and time spent by the attorneys and paralegal. ECF No. 13-2. Recent arbitration confirmation cases in this district have awarded attorneys' fees in the range of $100 to $300 per hour for associates, $200 to $450 per hour for partners, and $120 for paralegals. *See, e.g., Trs. of Ne. Carpenters Health, Pension Annuity, Apprenticeship, and Lab. Mgmt. Coop. Funds v. Northcoast Maint. Corp.,* 17 CV 5072 (DRH) (AYS), 2018 WL 2471201, at *4 (E.D.N.Y. May 4, 2018), *report and recommendation adopted*, 2018 WL 2465351 (E.D.N.Y. June 1, 2018); *Finkel v. Firequench, Inc.*, No. 20-CV-0010, 2020 WL 1323017, at *2 (E.D.N.Y. Mar. 20, 2020) (finding the rates of $275 per hour for associate-level work, $350 per hour for partner-level work, and $120 per hour for paralegal work "firmly within the range of approved rates for ERISA collection work in this district"). Therefore, the rates and time spent here are reasonable for arbitration confirmation work in the Eastern District of New York, and the undersigned

6

recommends such an award of $1,377.00.

### C. Costs For The Instant Action

Courts "make awards for costs pursuant to ERISA in confirmation proceedings," including such costs as service and filing fees. *Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011); *Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Excel Installations, LLC,* No. 19-CV-3012 (ERK) (SMG), 2020 WL 429135, at *5 (E.D.N.Y. Jan. 27, 2020). The Court finds the costs requested in ECF No. 13-2 are adequately supported, with the exception of the November 1, 2022 charge for $20.74. The undersigned, therefore, recommends awarding costs in the amount of $480.99.

### D. Post-Judgment Interest

The undersigned also recommends the award of post-judgment interest at the rate of 0.75% per month from the date of the arbitration award through the date of judgment, according to the CBA. *See* ECF No. 1 ¶ 11 (citing ECF No. 1-3 Art. II, § 2.1 (D)). *See Trs. of the Ne. Carpenters Health v. Countrywide Home Improvement*, No. 17-CV-2570 (DRH)(ARL), 2017 U.S. Dist. LEXIS 194381, at *5-6 (E.D.N.Y. Nov. 27, 2017) ("Under ERISA, 'interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.' 29 U.S.C. § 1332(g)(2).").[1]

### III. CONCLUSION

For the above reasons, the undersigned recommends granting the petition, granting the motion to compel, confirming the award, and entering judgment in Petitioners' favor as follows:

1. Awarding Petitioners $36,074.10, pursuant to the May 20, 2022 arbitration award;

---

[1] Although Petitioners' letter at ECF No. 13 requests interest at "a rate equal to the weekly average 1-year constant maturity Treasury yield [pursuant to 28 U.S.C. § 1961]," the Court finds the rate of 0.75% requested in the Petition to be the appropriate rate in this case. *See Trs. of the Ne. Carpenters Health*, 2017 U.S. Dist. LEXIS 194381 at *6 (applying the interest rate as stated in the collection policy and in the petition).

7

2. Awarding Petitioners $1,377.00 in attorneys' fees arising out of this action;

3. Awarding Petitioners $480.99 in costs arising out of this action; and

4. Awarding Petitioners post-judgment interest at the rate of 0.75% per month from the date of the arbitration award through the date of judgment.

Petitioners shall serve a copy of this Report and Recommendation on Respondent by April 28, 2023 and file proof of service via ECF.

## IV. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Brown. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

Dated: Central Islip, New York
      April 25, 2023

SO ORDERED:

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge

8